United States District Court
Southern District of Texas
**ENTERED**
December 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANADARKO PETROLEUM CORPORATION, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-01027 |
| § | |
| ALTERNATIVE ENVIRONMENTAL SOLUTIONS, INC., § § § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the plaintiff's, Anadarko Petroleum Corporation ("Anadarko"), motion for summary judgment (Dkt. No. 29). The defendant, Alternative Environmental Solutions, Inc. ("AESI"), has filed a response to the plaintiff's motion (Dkt. No. 32). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the plaintiff's motion should be **GRANTED**.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

This lawsuit between Anadarko and AESI stems from a contractual dispute related to alleged fraudulent practices and breaches of a Master Service Contract (MSC). Anadarko, an oil and gas company, engaged AESI, an environmental remediation firm co-owned by Stanley Palowsky III (Palowsky) and W. Brandon Cork (Cork), for oilfield remediation work under the MSC starting in 2008. In 2012, Palowsky uncovered fraudulent overbilling practices by

AESI and several subcontractors, allegedly orchestrated by Cork, who incorporated inflated charges into invoices submitted to Anadarko. Palowsky claimed Cork and the subcontractors split the excess funds among themselves. After Palowsky reported the fraud, Anadarko terminated its business relationship with AESI pursuant to the MSC's termination provisions.

In 2013, Palowsky filed a shareholder derivative lawsuit against Cork and its subcontractors, accusing them of fraud, breach of fiduciary duty, and racketeering. Following a settlement, Cork relinquished his ownership in AESI, leaving Palowsky as the sole owner. Palowsky amended the lawsuit to include Anadarko and one of its employees, Dana Howard, alleging their complicity in a kickback scheme. The lawsuit claimed over $1 million in fraudulent overbilling and asserted that Anadarko was vicarious liability. While initial claims against Anadarko were dismissed by Louisiana courts, appellate rulings permitted amendments to argue Anadarko benefited from the scheme through underestimated remediation costs.

Anadarko countersues AESI, invoking the MSC's indemnity provision, which required AESI to defend and indemnify Anadarko against claims arising from AESI's subcontractors' violations of laws or contract terms. Anadarko seeks a declaratory judgment to affirm its rights under the MSC, asserting AESI's breach of contract by suing Anadarko and failing to provide a defense and indemnity. Anadarko also demands reimbursement of legal fees incurred in defending the Palowsky lawsuit and for pursuing the counterclaim, any appropriate settlement, and costs.

### III.     STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## IV.  ANALYSIS & DISCUSSION

The Court grants Anadarko's motion for summary judgment. Anadarko has demonstrated that the MSC clearly and unambiguously obligates AESI to defend and indemnify Anadarko under Texas law. The choice-of-law provision in the MSC designates Texas law as controlling. As well, AESI has failed to state a compelling basis to ignore that provision. Additionally, the indemnity clause's language is unambiguous; hence, no genuine disputes of material fact preclude the Court from granting summary judgment. The Court's reasoning follows.

The MSC explicitly states that Texas law governs interpretation of the document. Under Texas law, when contracting parties' express choice of governing law, it should be honored unless applying that law is contrary to a fundamental policy of another state with a materially greater interest in the matter. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990). In this case, AESI has not demonstrated that applying Texas law violates any fundamental policy of the States of Louisiana or Wyoming. The soil remediation work at issue occurred in Wyoming, but neither Wyoming nor Louisiana's policies override the parties' choice of law in this context. Therefore, the Louisiana Oilfield Indemnity Act (LOIA) does not apply because this case does not involve oilfield operations as defined under Louisiana law. Therefore, the LOIA's anti-indemnity provisions are irrelevant.

Additionally, AESI's argument against the application of the indemnity provisions are unpersuasive. Specifically, AESI's argument that Anadarko's claim should fail because its employee, Ms. Howard's conduct is irrelevant. Anadarko seeks indemnity not for Ms. Howard's alleged violations of law but for claims arising from AESI's admitted violations.

Under Texas law, an indemnity agreement must be enforced as written if it is clear and unambiguous, regardless of the outcome of the underlying lawsuit. *See, Nabors Completion & Prod. Servs. Co. v. Chesapeake Operating Inc.*, 648 Fed. Appx. 393 (5th Cir. 2016).

In light of the unambiguous language of the MSC and the absence of any genuine dispute of material fact, the Texas choice-of-law provision governs, and AESI's indemnity obligations are enforceable under Texas law. Accordingly, Anadarko's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on December 23, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge