Case 4:24-cv-01027   Document 44   Filed on 03/20/25 in TXSD   Page 1 of 5
United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANADARKO PETROLEUM CORPORATION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-01027 |
| ALTERNATIVE ENVIRONMENTAL SOLUTIONS, INC., | § § § § | |
| Defendant. | § | |

**MEMORANDM AND ORDER**
**AWARDING COSTS AND ATTORNEY FEES**

**I.   INTRODUCTION**

Before the Court is Anadarko's motion to fix attorney fees and costs against the defendant, AESI, following the entry of a summary judgment in Anadarko's behalf. *See* [DEs 34 and 39]. AESI has filed a response containing objections that are also before the Court [DE 42]. Although the Court's summary judgment is on appeal to the Fifth Circuit Court of Appeals, the issues raised there will not be impacted by entertaining Anadarko's pending motion to fix attorney fees and costs. Hence, the Court proceeds to address the motion and response presented.

## II.     LIMITED FACTUAL BACKGROUND

The issue(s) raised in this motion and response arise as a result of the Court's Judgment entered on or about January 24, 2025 [DE 37].  Now, Anadarko seeks (a) costs and attorney fees incurred in bringing this lawsuit and (b) costs and attorney fees incurred in *Stanley R. Palowsky, III, et. al vs. Brandon Cork, et al.* in Cause No. 2013-2059, filed and litigated in the Fourth Judicial District Court for the Parish of Ouachita, Louisiana.

Anadarko brought this lawsuit in federal court seeking a declaratory judgment and to establish that AESI had breached its contractual obligations to Anadarko based on an indemnity obligation contained in a Master Service Contract between the two.  AESI asserted claims against "Company Indemnities", as parties in its state court litigation wherein Anadarko incurred court costs and attorney fees.  Those costs and fees were undisputably paid by Anadarko.  Currently, the Louisiana state court case is on appeal.  Therefore, Anadarko seeks to fix their costs and attorney fees that they incurred on behalf of the "Company Indemnities" in the state court litigation and those incurred in this Court.

In the Court's Memorandum and Order entered in this case [DE 34], the Court, by declaratory judgment, granted Anadarko's requested claim and for indemnity against AESI, holding that Anadarko was entitled to reimbursement of costs and attorney fees incurred in behalf of the "Company Inductees" in the state court litigation, and, similarly, the costs and attorney fees incurred in this lawsuit.  The Court retained jurisdiction of the case to determine the appropriate and necessary costs and attorney's fees incurred.  As well, the Court left open the possibility that Anadarko might seek to recover future costs and attorney fees arising out of any appeal(s) by AESI.

### III.    AESI'S CONTENTIONS

AESI opposes Anadarko's motion and asserts five bases for denying Anadarko's motion. First, AESI asserts that the "amount of fees constitutes an element of the remedy" that Anadarko seeks in its complaint. AESI requested a jury trial on the issues raised which request, AESI argues, would cover the issues of costs and attorney fees. Next, AESI argues, the Court's Final Judgment addressed only "those attorney's fees that Anadarko had incurred to prosecute its claims" for breach of the MSC, "and/or for declaratory relief in the present action." Third, the summary judgment did not present evidence concerning the amount of attorney fees incurred in the *Palowsky* lawsuit. And fourth, the costs and attorney fees that Anadarko claims from the *Palowsky* lawsuit are "elements of Anadarko's claims for actual damages . . ." Hence, AESI directs the Court to *Richardson v. Wells Fargo Bank, NA,* 740 F.3d 1035, 1037 (5th Cir. 2014) and *In re Nalle Plastics Family Ltd., P'ship,* 406 S.W.3d 168, 172 (Tex. 2013), for the proposition that "Texas courts distinguish between 'compensation owed for an underlying harm and fees that may be awarded for counsel's services'". (citations omitted).

AESI argues further that the costs and fees incurred in *Palowsky involved* third parties, therefore, AESI, request for a jury trial on those issues should be honored. Finally, AESI objects to Anadarko's declaration attached to its motion in support its claim for costs and fees on the following bases: (a) Mike Haysley's declaration fails in the following respects (1) he was not disclosed as a witness, (2) his knowledge of any facts related to the *Palowsky* lawsuit is not revealed; (3) the declaration lacks a proper foundation; (4) there is no statement of reasonableness; (5) the claim lacks a proper foundation; (6) there is no evidence that Haysley holds a law license from the State of Louisiana; and, (7) the declaration fails to state how Hayley possesses the

qualifications to provide an opinion that the fees were necessary to Anadarko's defense; and, Anadarko failed to segregate fees as between the *Palowsky* lawsuit and the case before the Court.

## IV.   DISCUSSIONS AND CONCLUSIONS

The Court is of the opinion that the case law cited by AESI is inapplicable here as the basis to bar Anadarko's claim for the recovery of costs and attorney's fees under the MSC – the parties' contract. The MSC, at Section 13(b)(6) states:

> In the event either Party fails to furnish a defense and indemnity as provided for herein, the other Party shall be entitled to receive from the offending Party, in addition to its attorneys' fees, costs, expenses and any amounts paid in judgment or settlement, all costs, expenses, and attorneys' fees incurred in the enforcement of this Agreement. Furthermore, the prevailing Party in any litigation relating to this Agreement, other than that involving defense and indemnity which is addressed above, shall be entitled to recover its reasonable and necessary attorneys' fees and costs of litigation from the other Party[.]

This is an unambiguous provision in the MSC and it is supported by language in the "claims" definition. AESI agreed to defend and indemnify Anadarko against "Claims." The MSC broadly defines "Claims" as follows:

> 'Claim' or 'Claims' means, unless specifically provided otherwise, all claims … damages (including consequential and indirect damages), liabilities, losses, demands, liens, encumbrances, fines, penalties, causes of action of any kind … obligations, costs, judgments, interest and awards (including payment of attorneys' fees and costs of litigation and investigation costs) or amounts, of any kind or character, (except punitive or exemplary damages), whether under judicial proceedings, administrative proceedings or otherwise … under any theory of tort, contract, breach of contract, (including any Claims which arise by reason of indemnification or assumption of liability contained in other contracts entered into by Company Indemnitees or Contractor Indemnitees), arising in connection with this Agreement or the performance of the Work under this Agreement[.]

The Court interprets these provisions of the MSC together to mean that Anadarko, as the prevailing party, is contractually entitled to recover all costs and attorney fees incurred in the event of a breach so long as the costs and fees arise out of the same nucleus of facts and are made

necessary by a breach of the contract. *See* Tex. Civ. Prac. & Rem. Code §§ 38.001(b)(8) or 38.003. The Court notes that AESI has not challenged the propriety of an attorney fees award, apart from its motion to strike Haysley's declaration.[1] Nor has it challenged the necessity nor reasonableness of the requested award or the language of the MSC.

The Court views a request for an attorney's fee as a mixed question of law and fact and deems it a matter for the Court to determine based on experience, wisdom and common sense. Therefore, the Court awards Anadarko an attorney's fee of $1,031,142.48, representing fees and costs incurred in the *Palowsky* litigation in the amount of $953,254.91 and costs and fees in this lawsuit in the amount of $77,887. The Court retains jurisdiction of the case for the sole purpose of determining whether fees are incurred on appeal and the necessity and reasonableness of any award.

It is so Ordered.

SIGNED on March 20, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

---

[1] Apart from the Hayley declaration [39-1], the Court has independently examined the exhibits relating to fees and costs incurred and finds them consistent with usual and customary fees for this level of litigation and, that they were incurred by AESI on its own account.